## RIPLEY *vs.* MASON.

A.'s wife, as his agent, lent B. a sum of money, and took B.'s bond for the amount. It was made a condition of the loan that B. should take a cow at the price of thirty dollars. In a suit on the bond, B. pleaded usury and gave evidence to prove that the cow was not worth $30. *Held*, that the declarations of the wife as to the value of the cow, made after the transaction, were not admissible.

Motion by plaintiff to set aside report of referees. The action was on a bond and the report in favor of the defend-

Ripley v. Mason.

ant on the ground that the bond was void for usury. The facts of the case are sufficiently stated in the opinion of the court.

*By the Court*, COWEN, J. The loan was made by the plaintiff's wife as his agent. Her authority was clearly shown. She lent the money on the terms that the defendant should take a cow at the price of thirty dollars. It was quite material to see whether the taking of the cow was imposed upon him as a condition of the loan; and any declaration that the wife made on this subject, while acting in relation to the loan, would have been admissible. But the referees allowed her subsequent declarations to be given in evidence, though objected to. The history she gave to Randal Palmer was after the transaction with the defendant, and clearly imported that she would not have loaned him the money except on his taking the cow. This alone might not perhaps be good ground for granting a rehearing; for, that the taking of the cow was made a condition, was abundantly proved by other testimony. Indeed it was scarcely disputed; and the parties addressed themselves to the actual value of the cow. If she was worth the thirty dollars in cash, as several witnesses swore, the transaction might not perhaps have been usurious. The value was no doubt material, and on this point the testimony was conflicting. Yet a part of the wife's declaration to Palmer was, in effect, that though the cow was not worth thirty dollars, her husband's orders were that she must make the money go to sell it, which she had done. This too was after the objection that the wife's declarations were inadmissible. Clearly it was not a part of the res gestæ, and we can not say that the plaintiff was not prejudiced by such testimony.

The report must be set aside on the ground that the declarations of the wife as to the value of the cow were improperly admitted.

Report of referees set aside.